IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ONE 2011 FORD RAPTOR, BEARING CA )<br>LICENSE PLATE WOOD 73, VIN )<br>1FTFW1R68BFA86504 ) | Civil No. 3:25-cv-00037 |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

NOW COMES the United States of America, Plaintiff herein, by and through Dena J. King, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

### INTRODUCTION

1. This is a civil action *in rem* against a 2011 Ford Raptor, bearing CA license plate WOOD 73 and VIN number 1FTFW1R68BFA86504 (the "Raptor") seized from Joanne Ortega ("Ortega") and Renee Rubio ("Rubio") on July 23, 2024.

2. The forfeiture basis for the Raptor is simple: Rubio and Ortega used it to transport 40 pounds of methamphetamine across the country from California. The vehicle's owner, Michael Wood, specifically lent Rubio the vehicle for this use when she told him she was going to deliver narcotics to the east coast.

3. Thus, the Raptor is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) because it because it was used and/or intended for use to transport or to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of 21 U.S.C. §§ 841 and/or 846. And, though an affirmative defense not the

1

Government's burden to plead or prove, Wood is not an "innocent owner" pursuant to 18 U.S.C. § 983(d), as he knowingly allowed Rubio to use the Raptor to transport narcotics.

4. Procedures for this action are mandated by 21 U.S.C. § 881, 18 U.S.C. § 983, 19 U.S.C. §§ 1602-1621, and, to the extent applicable, the Federal Rules of Civil Procedure and accompanying Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

5. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. These statutes confer original jurisdiction to federal district courts of all civil actions, suits, or proceedings commenced by the United States and any action for the forfeiture of property incurred under any act of Congress.

6. Venue is proper pursuant to 28 U.S.C. § 1395 because the Raptor was seized in the Western District of North Carolina, and is now within the Western District of North Carolina."

7. Based on the following facts, verified by Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Special Agent (SA) Cory Goldstein, this action seeks the forfeiture of all right, title, and interest in the Raptor.

**FACTS GIVING RISE TO FORFEITURE**

8. On July 23, 2024, law enforcement initiated a stop of the Raptor for traffic violations as it pulled into an Agri Supply located in Monroe, North Carolina. Ortega was the vehicle's driver and Rubio the front-passenger. The Raptor is shown below:

2

Case 3:25-cv-00037   Document 1   Filed 01/17/25   Page 2 of 8



9. Shortly after law enforcement's initial contact with the vehicle's occupants, K9 Cody, a properly trained and certified narcotics detection canine, conducted an open-air sniff of the Raptor.

10. K9 Cody positively alerted to the presence of narcotics inside the vehicle.

11. A search of the vehicle revealed a loaded Glock 26, 9mm pistol in the center console, approximately $5,000 in U.S. currency in an orange Crown Royal bag located in the front passenger door, and thirty-five pounds of methamphetamine, individually wrapped in one-pound packages inside a cardboard box in the truck bed of the Raptor:





12. Ortega and Rubio were each charged with two counts of trafficking in methamphetamine, two counts of conspiracy to commit trafficking in methamphetamine, and felony maintaining a controlled substance in a vehicle.

13. Neither Rubio nor Ortego own the Raptor.

14. Rubio later told law enforcement that she had been propositioned to transport narcotics from Los Angeles, California, to the east coast, in exchange for cash.

15. She further stated that she consulted Michael Wood about this proposition to be a drug courier, and Wood told her that, while he didn't think that she should deliver the narcotics, she should drive his Raptor if she decided to transport the drugs, as it would be a safer option for long distance travel than Rubio's vehicle.

16. Text messages between Wood (at the number Wood listed when filing his administrative claim to the Raptor) and Rubio further confirm that Wood knew the criminal purpose of Rubio's trip with the Raptor. Of note in the messages:

    a. Rubio provided Wood with location updates and specific addresses;

b. Rubio asked Wood if he knew anyone that sells coke in Arizona to help them make it through the drive, to which Wood responded not along the route they were going, but he could have helped if they were traveling through Phoenix; this exchange ultimately concluded with Rubio asking if Wood's brother did, and **"[b]ut if not it's no biggie were [sic] commuting [committing] enough crimes lol"** (emphasis added).

c. Later, in response to what appear to be amorous messages by Wood permeating the text chain, Rubio stated "But convo for another time **not while I'm being a complete criminal lol** I love you ima take a nap and I'll text u when it's my turn to drive" (emphasis added).

d. On July 23, 2024—the date of seizure and date Rubio was to deliver the remaining 35 pounds of methamphetamine to Charlotte—Wood, in response to Rubio notifying him she was almost there, stated: "I'm gonna find something to get into for today I need to keep myself busy and occupied so I don't think about today. Be careful don't force it if it don't feel right. **Getit [sic] in and out of your hands today and be done with it."** (emphasis added).

17. As to the trip itself, Rubio stated to law enforcement that she picked up 40 pounds of methamphetamine in California, was given an address in Atlanta to transport the narcotics, exchanged five pounds for $5,000 there, and was traveling to a drop off in the Charlotte area to deliver the remaining 35 pounds of

methamphetamine at the time of the traffic stop.

## FIRST CLAIM FOR RELIEF – THE 2011 FORD RAPTOR
## (21 U.S.C § 881(a)(4))

18. The United States incorporates by reference the allegations set forth in preceding paragraphs as if fully set forth herein.

19. The Raptor is subject to forfeiture pursuant to 21 U.S.C. § 881 (a)(4) because the vehicle was used and/or intended to be used to transport or to facilitate the transportation, sale receipt, possession or concealment of controlled substances in violation 21 U.S.C. §§ 841 and/or 846.

20. Upon information and belief, the following persons may claim an interest in the Raptor:

- Michael Wood
- Bank of America

## CONCLUSION AND PRAYER FOR RELIEF

21. By virtue of the foregoing, all right, title, and interest in the Raptor vested in the United States at the time of the commissions of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States.

WHEREFORE, the United States of America respectfully prays the Court that:

1. A warrant for the arrest of the Raptor be issued;

2. Due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

3. Judgment be entered declaring the Raptor to be condemned and forfeited to the United States of America for disposition according to law; and

4.  The United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Raptor as required by 28 U.S.C. § 1921.

Respectfully submitted this 17th day of January, 2025.

                                                DENA J. KING
                                                UNITED STATES ATTORNEY

                                                <u>/s/ Seth Johnson</u>
                                                J. Seth Johnson
                                                Texas Bar No. 24083259
                                                Assistant United States Attorney
                                                Suite 1650, Carillon Building
                                                227 West Trade Street
                                                Charlotte, North Carolina 28202
                                                Telephone: (704) 338-3159
                                                Email: seth.johnson@usdoj.gov

## VERIFICATION

I declare under penalty of perjury that the factual information contained in the foregoing Complaint is true and correct according to the best of my knowledge, information, and belief.

Executed on the 17th day of January, 2025.

_____
Cory Goldstein
ATF Special Agent